UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICKY PATU,<br><br>                Plaintiff,<br><br>   v.<br><br>MATTHEW FAIRCHILD,<br><br>                Defendant. | No. C16-386 JCC-BAT<br><br>**REPORT AND RECOMMENDATION** |

On March 14, 2016, Plaintiff Ricky Patu filed a proposed 42 U.S.C. § 1983 complaint. Dkt. 1. Mr. Patu alleges that Matthew Fairchild has been resolving his grievances at the first level relating to denial of his requests for Metamucil and prune juice. He claims he is in "imminent danger of most grievances being thrown out" and asks the court to review all grievances pertaining to his claims. *Id.* On March 14, 2016, the Clerk advised Mr. Patu that he must either pay the full $400.00 filing fee or submit an application to proceed *in forma pauperis* ("IFP"). Dkt. 2. On April 13, 2016 and April 21, 2016, Mr. Patu submitted an incomplete IFP application. Dkt. 6 and 7.

On April 15, 2016, after finding that Mr. Patu is not entitled to proceed IFP in this action without a showing of imminent danger of serious physical injury, the Court ordered Mr. Patu to pay the $400.00 filing fee by May 13, 2016 to proceed in this action. Dkt. 5. He has failed to do so. The undersigned recommends that this action be dismissed.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

Section 1915(g), enacted April 26, 1996, provides that a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A review of the Court's records reflects that at least three of the cases Mr. Patu filed while incarcerated were dismissed as frivolous or for failure to state a claim.

In *Patu v. Albert*, Mr. Patu's case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Dkt. 14 in Case No. 14-765 MJP. In *Patu v. Lee, et al.,* Mr. Patu's case was dismissed for failure to state a claim and the dismissal counted as a strike under Section 1915(g) (appeal pending). *See* Dkt. 14 and 17 in Case No. 15-5332 RJB. In *Patu v. Albert,* Mr. Patu's case was dismissed for failure to state a claim. *See* Dkt. 11, 13-14 in Case No. 15-722 RSM. In *Patu v. Bennett,* Mr. Patu's case was dismissed for failure to state a claim. Dkt. 15, 16 in Case No. 14-765 MJP.

Because Mr. Patu has pursued three or more civil actions or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted, he may not proceed with this complaint without prepayment of the full filing fee, absent a showing that he was "under imminent danger of serious physical injury," at the time he signed his civil rights complaint on April 21, 2014. See 28 U.S.C. § 1915(g).

In the complaint filed in this case, Mr. Patu seeks to sue Mathew Fairchild, a grievance coordinator, for allegedly failing to resolve Mr. Patu's grievances appropriately. Dkt. 1. Mr. Patu makes no allegation that he was under "imminent danger of serious physical injury," at the time he filed his complaint, *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).

Having liberally construed the facts presented, the Court finds Mr. Patu is ineligible to file this lawsuit in federal court without paying $400.00 ($350.00 filing fee plus $50.00 administrative fee).  *See* 28 U.S.C. § 1915(g); *see also, Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) (holding that once the prisoner has been placed on notice by the district court of potential disqualification for IFP status under § 1915(g), "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status").

## CONCLUSION

Plaintiff's IFP application (Dkt. 6, 7) should be **DENIED** based on the three-strikes rule of 28 U.S.C. 1915(g) and Plaintiff should be directed to pay the $400.00 filing fee in order to proceed with his complaint.

A proposed order accompanies this Report and Recommendation.  Any objections to this Recommendation must be filed by **Wednesday, June 15, 2016.**  The Clerk should note the matter for **Friday, June 17, 2016**, as ready for the District Judge's consideration if no objection is filed.  If plaintiff files an objection, he must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections shall not exceed seven (7) pages.  The failure to timely object may affect the right to appeal.

The Clerk shall provide a copy of this Report and Recommendation to plaintiff and to the Honorable John C. Coughenour.

DATED this 26th day of May, 2016.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3